UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZUNIGA, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04812-SI<br><br>**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 8 |

On June 6, 2025, plaintiff filed a complaint in this Court alleging that a San Francisco police officer violated his rights under the Eighth and Fourteenth Amendments to the Constitution due to a failure to protect him and a denial of equal protection under the law. Dkt. No. 1. Plaintiff filed a motion to proceed with *in forma pauperis* status, which the Court granted. *See* Dkt. Nos. 2, 6. The Court then screened plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Finding it failed to state a valid claim, the Court dismissed the complaint with leave to amend. Dkt. No. 6.

Plaintiff then filed an amended complaint on June 30, followed by a supporting affidavit on July 8, 2025. Dkt. Nos. 8, 9. For the reasons stated below, the Court DISMISSES plaintiff's amended complaint without leave to amend.

**BACKGROUND**

Plaintiff's amended complaint brings claims against the same San Francisco police officer and adds two unnamed police supervisors as defendants, identifying them by their badge numbers. Dkt. No. 8. The amended complaint repeats the basic facts of the original complaint, which the Court's prior order summarized as follows:

　　Plaintiff alleges that on the morning of May 14, 2025, an employee

> of Urban Alchemy named Rasheed who works in the area of Stevenson Alley attacked him in front of his nearby San Francisco residence and took his sunglasses. Plaintiff called 911 multiple times and a San Francisco police officer with badge number 4865—the unnamed defendant in this case—responded. Plaintiff told the officer that his life was in danger. The officer was able to retrieve the sunglasses and return them to plaintiff but did not make any arrests. As a result, plaintiff alleges that he continues to be threatened by Rasheed and remains in danger.

Dkt. No. 6 at 1-2 (footnote and citations omitted).

The amended complaint further alleges that the Urban Alchemy supervisor from whom the police officer had retrieved the sunglasses assaulted plaintiff five weeks later, on June 22, 2025. Dkt. No. 8 at 4. Plaintiff dialed 911 and two police officers responded. *Id.* at 5. Plaintiff alleges the officers refused to call an ambulance on his behalf and left without making any arrests. *Id.* In his subsequent affidavit, plaintiff details how the Urban Alchemy supervisor continued to intimidate plaintiff and call him a "snitch" on July 5 and 6, 2025. Dkt. No. 9 at 1-2.

Plaintiff asserts claims against all three officers that responded to the two incidents under the due process clause of the Fourth[1] and Fourteenth Amendments, citing denied medical care and the state-created danger doctrine. Dkt. No. 8 at 6. Plaintiff seeks $50 million in compensatory damages, $950 million in punitive damages, and injunctive relief that prevents further violence from Urban Alchemy employees. *Id.* at 7.

**LEGAL STANDARD**

Federal courts are required to dismiss a case filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When evaluating whether an IFP plaintiff has failed to state a claim, the Court uses the same standard as for motions to dismiss brought under Federal Rule of Civil Procedure

---

[1] The Court presumes plaintiff intended to refer to the Fifth Amendment, not the Fourth Amendment.

2

1  12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

2  To state a valid claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient.  *Id.* at 555 (internal quotations omitted).

Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotations and citation omitted).

## DISCUSSION

Plaintiff's amended complaint still fails to allege facts sufficient to state a plausible claim.

Plaintiff brings a substantive due process claim under the Fourteenth Amendment.  "The Fourteenth Amendment's Due Process Clause generally does not provide an affirmative right to government aid."  *Herrera v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021) (citation omitted).  One exception to this rule comes in the form of the state-created danger doctrine, which the Ninth Circuit opinion of *Martinez v. High* succinctly describes:

> Because the Due Process Clause is a limitation on state action, state actors generally are not liable for failing to prevent acts of private parties.  But one exception to this rule applies when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger. . . .
>
> To establish the "state-created danger" exception, a plaintiff must prove two things.  The officer's affirmative conduct must expose the plaintiff to a foreseeable danger that she would not otherwise have faced.  And the officer must act with deliberate indifference to a known or obvious danger.

91 F.4th 1022, 1028-29 (9th Cir.), *cert. denied*, 145 S. Ct. 547 (2024) (internal quotation marks and citations omitted).  The standard for deliberate indifference "is higher than gross negligence and

3

1   requires a culpable mental state." *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023), *cert.
2   denied sub nom. Tulare v. Murguia*, 144 S. Ct. 553 (2024).

3         Plaintiff here fails to allege facts sufficient to establish either part of the state-created danger
4   test. Defendants are not alleged to have committed any affirmative conduct that placed plaintiff in
5   a worse position, or "do anything to render [plaintiff] any more vulnerable." *See DeShaney v.
6   Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989). The officer responding to the first
7   call on May 14 retrieved and returned plaintiff's sunglasses. Furthermore, plaintiff has not pled
8   sufficient facts to show that the officer acted with "deliberate indifference to a known or obvious
9   danger." *See Martinez*, 91 F.4th at 1028-29. Plaintiff cannot say that the police violated his
10  constitutional rights because a third party seeks to retaliate against plaintiff for calling the police in
11  the first instance.

12        Turning to the two officers who responded to plaintiff's June 22 call, plaintiff alleges that
13  they denied him access to medical attention by refusing to call an ambulance, then left without
14  making any arrests. In other words, plaintiff is not aggrieved by affirmative conduct from the
15  officers but rather a lack of affirmative conduct. The state-created danger doctrine does not apply
16  in these circumstances. When a victim is injured by a third party, there is no general constitutional
17  right to medical treatment from government actors, unless the victim is detained by or in the custody
18  of the government. *See Vinatieri v. Mosley*, 787 F. Supp. 2d 1022, 1032 (N.D. Cal. 2011), *aff'd*,
19  532 F. App'x 762 (9th Cir. 2013); *see also Est. of Soakai v. Abdelaziz*, 137 F.4th 969, 986 (9th Cir.
20  2025) ("[T]he dissenting opinion alleges that we have ruled that officers are required to render or
21  summon medical aid for civilians who are harmed by private actors. [Citation.] Again, not so.").
22  Plaintiff here was not arrested or detained and he has not alleged plausible facts to suggest
23  defendants neglected any constitutional duties when responding to his calls for service.

24  ///
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

At this stage, the Court is convinced that the deficiencies of the complaint cannot be cured. *See Akhtar*, 698 F.3d at 1212. The Court therefore DISMISSES plaintiff's complaint without leave to amend because it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**.

Dated: July 8, 2025

_____
SUSAN ILLSTON
United States District Judge